UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| USA,<br><br>        Plaintiff,<br><br>    v.<br><br>STEPHEN RICHARD HOLMES,<br><br>        Defendant. | Case No. 10-cr-00108-SI-1<br><br>**ORDER DENYING MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE**<br><br>Re: Dkt. No. 2532 |

On March 4, 2010, Stephen Richard Holmes ("defendant") was charged by superseding information of one count of unarmed bank robbery in violation of 18 U.S.C. § 2113(a), and one count of escape from custody in violation of 18 U.S.C. §§ 751(a), 4082(a). Docket 9. On March 5, 2010, defendant waived indictment. Docket 11. On March 9, 2010, defendant pled guilty to the two counts pursuant to a plea agreement made under Federal Rule of Criminal Procedure 11(c)(1)(C). Docket 13. For the bank robbery count, the parties stipulated to a criminal history category of VI and an adjusted base offense level of 29 under the Career Offender guideline, United States Sentencing Guidelines ("U.S.S.G") § 4B1.1(b), based on defendant's two prior convictions for "crimes of violence." *Id.* ¶ 7. The parties agreed to a total sentence of 151 months. *Id.* ¶ 8. On March 31, 2010, the Court entered judgment and sentenced defendant to the agreed-upon 151 months. Docket 21. According to previous filings, defendant currently has an estimated release date of May 3, 2021. Docket 33, Oppo. to Mot. to Stay at 5.

On May 23, 2016, defendant filed a motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255 based on *Johnson v. United States*, 135 S. Ct. 2551 (2015) ("*Johnson II*"). Docket 25. On August 25, 2016, the Court denied the government's request to stay the motion. Docket 36. Pursuant to Local Rule 7-1(b), the Court finds this matter appropriate for decision without oral argument. Based on the arguments presented in the papers, the Court DENIES defendant's motion.

**LEGAL STANDARD**

A prisoner in custody under sentence of a federal court who wishes to attack collaterally the validity of his conviction or sentence must do so by filing a motion to vacate, set aside or correct the sentence pursuant to 28 U.S.C. § 2255 in the court which imposed the sentence. 28 U.S.C. § 2255(a). Under 28 U.S.C. § 2255, the federal sentencing court is authorized to grant relief if it concludes that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." *Id.* § 2255(a). If the court finds that relief is warranted under section 2255, it must "vacate and set the judgment aside" and then do one of four things: "discharge the prisoner[, ] resentence him[, ] grant a new trial or correct the sentence as may appear appropriate." *Id.* § 2255(b); *United States v. Barron*, 172 F.3d 1153, 1157 (9th Cir. 1999).

**DISCUSSION**

Defendant seeks to vacate or correct his sentence under 28 U.S.C. § 2255. Defendant challenges the Court's sentence in light of the recent Supreme Court decision in *Johnson v. United States* ("*Johnson II*"), 135 S. Ct. 2551 (2015). In *Johnson II*, the Supreme Court held that the residual clause in the Armed Career Criminal Act ("ACCA") is unconstitutionally vague, and therefore void. 135 S. Ct. at 2557. The ACCA defines a "violent felony" as:

> any crime punishable by imprisonment for a term exceeding one year, or any act . . . that-- (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or *otherwise involves conduct that presents a serious potential risk of physical injury to another*.

18 U.S.C. § 924(e)(2)(B) (emphasis added). The portion italicized above is known as the ACCA's "residual clause." The *Johnson II* Court held that the ACCA's residual clause "fails to give ordinary people fair notice of the conduct it punishes" and "invites arbitrary enforcement," thereby "violat[ing] the first essential of due process." 135 S. Ct. at 2556-57 (citations and internal quotation marks omitted). The requirements of fair notice and enforcement standards "apply not only to statutes defining elements of crimes, but also to statutes fixing sentences." *Id.* at 2557.

1   For these reasons, *Johnson II* found that "increasing a defendant's sentence under the [ACCA's

2   residual] clause denies due process of law." *Id*.

3   Defendant argues that he is entitled to relief because the U.S.S.G. calculation underlying

4   his sentence relied on the same definition of "crime of violence" that the Supreme Court found

5   unconstitutionally vague in *Johnson II*. Docket 25, Motion at 4. Defendant's sentence was

6   enhanced under the Career Offender guideline, U.S.S.G. § 4B1.1(b), based on his prior

7   convictions for crimes of violence. *See* Presentence Report ("PSR") ¶ 4. Section 4B1.2(a) defines

8   a "crime of violence" as follows:

> [A]ny offense under federal or state law, punishable by imprisonment for a term exceeding one year, that – (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*.

12  § 4B1.2(a) (emphasis added). A defendant's prior conviction can qualify as a "crime of violence"

13  in one of three ways: (1) by satisfying the "force clause" under U.S.S.G. § 4B1.2(a)(1); (2) if the

14  offense is an enumerated offense under U.S.S.G. § 4B1.2(a)(2); or (3) by satisfying the residual

15  clause under U.S.S.G. § 4B1.2(a)(2).

16  Defendant's two prior convictions, which led to the career offender enhancement, were

17  also for federal bank robbery. PSR ¶¶ 17-18. Defendant argues that the Court should vacate and

18  correct his sentence because his sentence is now invalid under *Johnson II*. Defendant argues that

19  without the career offender enhancements for his prior convictions, his criminal history category

20  would have been IV, his adjusted base offense level would have been 19 (including a 3-level

21  deduction for acceptance of responsibility), and his sentencing range 46-57 months. Motion at 2;

22  PSR ¶¶ 21-22; U.S.S.G. §§ 2B3.1(a), (b)(1). The government does not dispute this calculation.

23  *See* Docket 32, Oppo. at 2.

24  The government argues that defendant is not entitled to relief for four reasons. First, the

25  government argues that defendant waived his right to seek relief under 28 U.S.C. § 2255 pursuant

26  to his plea agreement. Docket 13 ¶ 5. Second, the government argues that defendant procedurally

27  defaulted his *Johnson II* claim and cannot show cause and prejudice. Oppo. at 7. Third, the

28  government contends that *Johnson II* "is not retroactive to challenges to the career offender

United States District Court
Northern District of California

Guidelines." *Id.* at 10. Lastly, the government argues that despite the recent invalidation of U.S.S.G. § 4B1.2(a)(2)'s residual clause, federal bank robbery through intimidation is a crime of violence that falls under the "force clause" of U.S.S.G. § 4B1.2(a)(1) . *Id.* at 15-17. The Court declines to reach the government's first three arguments because it agrees that federal bank robbery is a crime of violence under the force clause. For the reasons set forth below, the Court DENIES defendant's motion.

Defendant argues that his "unarmed bank robbery convictions [under the Federal Bank Robbery Statute, 18 U.S.C. § 2113(a)**]** do not qualify as a crime of violence under the force clause of section 4B1.2(a)(1) because unarmed bank robbery does not require the intentional use of violent physical force and instead may be accomplished through unintentional or non-violent 'intimidation.'" Motion at 7. Defendant acknowledges that in *United States v. Selfa*, the Ninth Circuit explicitly held that "persons convicted of robbing a bank 'by force and violence' or 'intimidation' under 18 U.S.C. § 2113(a) have been convicted of a 'crime of violence' within the meaning of Guideline Section 4B1.1." 918 F.2d 749, 751 (9th Cir. 1990), *cert denied*, 498 U.S. 986 (1990). However, defendant argues that this holding is no longer binding on the Court because the reasoning of *Selfa* is "clearly irreconcilable with the reasoning of intervening higher authority," and the Court is "bound by the later and controlling authority, and should reject the prior circuit opinion as having been effectively overruled." *Miller v. Gammie*, 335 F.3d 889, 893 (9th Cir. 2003) (en banc).

To argue that *Selfa* has been effectively overruled, defendant relies on *Johnson v. United States*, 559 U.S. 133 (2010) ("*Johnson I*") and *United States v. Parnell*, 818 F.3d 974 (9th Cir. 2016). *Johnson I* held that under the "force clause" of the ACCA, 18 U.S.C. § 924(e)(2)(B)(i), "the phrase 'physical force' means violent force—that is, force capable of causing physical pain or injury to another person." 559 U.S. at 140. *Parnell*, which also analyzed the ACCA's force clause, applied *Johnson I* and held that the Massachusetts armed robbery statute does not have as an element the use, attempted use, or threatened use of physical force against the person of another

because "the degree of force [required] is immaterial[.]"[1] 818 F.3d at 979 (citations and internal quotation marks omitted). "[T]he force clause requires the actual, attempted or *threatened* use of physical force, . . . not a mere uncommunicated willingness or readiness to use such force." *Id.* at 980 (emphasis in original) (citation omitted). A threat to use physical force "requires some outward expression or indication of an intention to inflict pain, harm or punishment." *Id.* The court held that an offense of armed robbery under the Massachusetts statute does not qualify as a "violent felony" under the ACCA because any amount of force "so long as the victim is aware of it" will suffice. *Id.* at 981.

Defendant contends that under *Johnson I* and *Parnell*, "federal unarmed bank robbery does not qualify as a crime of violence under the force clause because it does not require proof of the use or threatened use of *violent* physical force" and that the federal bank robbery statute, 18 U.S.C. § 2113(a), "merely requires that a defendant take property through 'intimidation.'" Motion at 7-8. Defendant argues that "nothing in the term 'intimidation' . . . requires a threat of violent physical force" and that an "uncommunicated willingness or readiness to use [physical] force . . . is not the same as a threat to do so." Motion at 8 (citing *Parnell*, 818 F.3d at 980).

While defendant makes strong arguments, the Ninth Circuit has not extended the reasoning from *Johnson I* and *Parnell* to either the Career Offender Guideline or the federal robbery statute at issue here. *Johnson I* and *Parnell* do not overrule and are not "clearly irreconcilable" with the holding in *Selfa*. The Ninth Circuit's holding in *Selfa* is not only directly on point, but the facts are similar to those here. In *Selfa*, the defendant was "declared a career criminal pursuant to Sentencing Guidelines § 4B1.1 on the basis of two prior convictions of bank robbery under 18 U.S.C. § 2113(a)." 918 F.2d at 750. The defendant argued "that since he was unarmed and he neither harmed nor threatened to harm anyone in any way during the robberies, they were not

---

[1] The Massachusetts statute prohibits robbery: "(1) 'by force and violence' (i.e., the actual force prong) or (2) 'by assault and putting in fear' (i.e., the constructive force prong)." *Parnell*, 818 F.3d at 978 (citing Mass. Gen. Laws Ann. ch. 265, § 19(b)). Under Massachusetts law, the degree of force under either prong need only be "sufficient to obtain the victim's property against his will." *Id.* (citing *Commonwealth v. Jones*, 362 Mass. 83, 283 N.E.2d 840, 843 (1972)). Under the Massachusetts statute, force is sufficient "[s]o long as the victim is aware of the application of force which relieves him of his property[.]" *Id.*; *see also id.* at 979-80 (discussing nonviolent purse snatchings found to satisfy actual force prong of Massachusetts statute).

crimes of violence." *Id.* The court noted that "the elements of the crimes of which the defendant was previously convicted . . . not the particular conduct of the defendant on the day the crimes were committed, should control." *Id.* at 751. The court stated that robbery by intimidation under section 2113(a) means "'willfully to take, or attempt to take, in such a way that would put an ordinary, reasonable person in fear of bodily harm." *Id.* (quoting *United States v. Hopkins*, 703 F.2d 1102, 1103 (9th Cir. 1983)). As such, the court held that the definition of intimidation was "sufficient to meet the section 4B1.2(a)(1) requirement of 'threatened use of physical force'" and that "persons convicted of robbing a bank 'by force and violence' or 'intimidation' under 18 U.S.C. § 2113(a) have been convicted of a 'crime of violence' within the meaning of Guideline Section 4B1.1" *Id.*

Furthermore, other district courts in the Ninth Circuit have recently determined that *Selfa* remains good law. *Gilbert v. United States* affirmed that "bank robbery [under 18 U.S.C. § 2113(a)] is a crime of violence by its elements, per U.S.S.G. § 4B1.2(a)(1), without reference to the residual clause in § 4B1.2(a)(2)." No. 16-cv-1448-W, 2016 WL 5807910, at *1 (S.D. Cal. Oct. 4, 2016), *appeal docketed*, No. 16-56554 (9th Cir. Oct. 20, 2016); *see also United States v. Bailey*, No. 14-cr-328-CAS, 2016 WL 3381218, at *6 (C.D. Cal. June 8, 2016) (citing *United States v. Howard*, 650 Fed. Appx. 466, 468 (9th Cir. 2016)) (analogizing the "fear of injury" element of the Hobbs Act, 18 U.S.C. § 1951(b), to "intimidation" of federal bank robbery, 18 U.S.C § 2113(a), and finding both qualify as "crimes of violence").

The Court agrees with the government that it must follow *Selfa*, which held that federal bank robbery is a "crime of violence" under the "force clause" of U.S.S.G. § 4B1.2(a)(1). Accordingly, defendant's motion is DENIED.

**IS SO ORDERED**.

Dated: November 28, 2016

_____
SUSAN ILLSTON
United States District Judge

6